UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERNEST MATTISON,

                          Plaintiff,                9:16-CV-0015
                                                             (BKS/DEP)

    v.

SAINT LOUIS, C.O.; et al.,

                          Defendants.

---

APPEARANCES:                                      OF COUNSEL:

ERNEST MATTISON
09-A-3287
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ERIC T. SCHNEIDERMAN           MATTHEW P. REED, ESQ.
New York Attorney General                Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

This action was brought pro se by plaintiff Ernest Mattison seeking redress for the violation of his constitutional rights during his confinement at Clinton Correctional Facility ("Clinton C.F."). *See* Dkt. No. 1 ("Compl."). Plaintiff's claim that defendants C.O. Saint Louis and C.O. Mahoney denied him access to showers for approximately 50 days during the period August through October 2015 is pending. Dkt. No. 10 ("May Order") at 10.

Presently before the Court is plaintiff's fifth motion for preliminary injunctive relief. Dkt. No. 55.[1]

## II.   DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*,

---

[1] In accordance with the Mandatory Pretrial Discovery and Scheduling Order (Dkt. No. 20), discovery is now complete.  Defendants' filed a motion for summary judgment (Dkt. No. 50) which has been referred to Magistrate Judge David E. Peebles for issuance of a report and recommendation.

598 F.3d at 35 n.4 (internal quotation marks omitted).[2]

In his motion, plaintiff claims that he has been "keep locked without reason" by corrections officers at Clinton C.F. Dkt. No. 55 at 1. As alleged, plaintiff was not allowed to attend recreation on May 21, 2017, and was told by unnamed corrections staff that he was on "medical keep lock." *Id*. Plaintiff further alleges that he is being denied showers and is not receiving proper and adequate medical care for his "painful disorder." *Id*. Plaintiff states that he has filed numerous grievances to no avail. *Id*. at 2-3. Liberally construed, plaintiff seeks an order of this Court directing that he be removed from "medical keep lock" and not subjected to further mistreatment.

Defendants oppose plaintiff's motion and urge its denial. Dkt. No. 57. Defendants contend that plaintiff has not made the showing required for the extraordinary relief requested. Among other things, defendants argue that plaintiff's reference to a single day when he was denied recreation does not suffice to "demonstrate that he will suffer any actual and imminent injury" should his motion be denied. *Id*. at 2. Counsel further states that plaintiff's other "generalized, conclusory statements" regarding the conditions of his confinement "do not present a basis for finding that plaintiff will suffer irreparable harm." *Id*. Defendants also urge denial of plaintiff's motion because the conduct complained of is not attributed to either defendant and, as a result, the injuries complained of in the motion are not related to the misconduct complained of in his complaint. *Id*.

Plaintiff filed a reply. *See* Dkt. No. 58. According to plaintiff, the issue presented by

---

[2] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

his motion is that "corrections officers [are] not fully adhering to my medical documentation." *Id*. at 1. Plaintiff states that "the defendants co-workers have & are still causing me pain and suffering, the medical department has stopped all my pain medications so now I'm left locked in a cell in pain daily." *Id*. at 2. Plaintiff complains that he is not receiving "adequate medication or medical care." *Id*. No mention is made of either defendant.

Upon review, and with due consideration for plaintiff's status as a pro se litigant, the Court finds that his motion must be denied. Plaintiff complains of misconduct by unidentified correctional and medical staff at Clinton C.F.; none of the misconduct is attributed to C.O. Saint Louis or C.O. Mattison, the only defendants in this action. Plaintiff has also failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

As a result, there is no basis in the record upon which the Court could find that the issuance of preliminary injunctive relief is warranted. Plaintiff's motion is denied.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking preliminary injunctive relief (Dkt. No. 55) is **DENIED**; and it is further

4

     **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: June 27, 2017
       Syracuse, NY

Brenda K. Sannes
U.S. District Judge