**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ERNEST MATTISON,

                              Plaintiff,                    9:16-cv-00015 (BKS/DEP)

v.

JONATHAN ST. LOUIS, et al.,

                              Defendants.

---

**Appearances:**

Ernest Mattison
09-A-3287
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929
Plaintiff, pro se

Matthew P. Reed, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Ernest Mattison brought this action against defendants under 42 U.S.C. § 1983 alleging that the Defendant corrections officers denied him access to showers in violation of the Eighth Amendment. (Dkt. No. 1). On March 22, 2017, Defendants filed a motion for summary judgment, which Plaintiff has opposed. (Dkt. Nos. 50, 53). This matter was assigned to United States Magistrate Judge David E. Peebles who, on January 8, 2018, issued an Order,

Report and Recommendation recommending that Defendants' motion for summary judgment be granted and that Plaintiff's remaining claims be dismissed in all respects. (Dkt. No. 60).

Plaintiff filed a motion for reconsideration (Dkt. No. 63) which the Court has construed as an objection to the Report and Recommendation. (Dkt. No. 64). The deadline for objections has passed, and no further objections have been received by the Court. For the reasons set forth below, the Report and Recommendation is adopted in its entirety.

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

After carefully reviewing the record in this case, Magistrate Judge Peebles recommended granting Defendants' motion because no reasonable factfinder could determine that Plaintiff had met either the subjective or objective requirements of his Eighth Amendment claim. (Dkt. No. 60, at 14–15). "A claim alleging that prison conditions violate the Eighth Amendment must satisfy both an objective and subjective requirement—the conditions must be 'sufficiently serious' from an objective point of view, meaning that they involve denial of the minimum civilized measure of life's necessities, and the plaintiff must demonstrate that prison officials acted subjectively with 'deliberate indifference.'" *Gill v. Hoadley*, 261 F. Supp. 2d 113, 128 (N.D.N.Y. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Magistrate Judge Peebles noted that Plaintiff "had regular unobstructed access to regular showers at the facility" during the fifty-day period that he did not have a block shower permit, Plaintiff was aware of the proper procedure to renew his block shower permit, and there was no evidence that Defendants

acted with deliberate indifference. (Dkt. No. 60, at 13–14). Alternatively, Magistrate Judge Peebles recommended that the motion be granted on the basis of qualified immunity. (*Id*. at 18–19). Magistrate Judge Peebles reasoned that, even assuming that the right to a block shower was a clearly established right, "a reasonable corrections officer in defendants' position would have believed that his actions were lawful, particularly where, as here, plaintiff had access to the regular showers, and the officers lacked authority to allow plaintiff to utilize the block shower without a permit, which he did not possess." (*Id*. at 18).

The Court has considered Plaintiff's objections and reviewed the applicable portions of Magistrate Judge Peebles' recommendation de novo. Plaintiff objects to Defendants' failure to produce "documentation" supporting their assertion that block showers require medical permits. (Dkt. No. 63, at 1–2). This is without merit. Magistrate Judge Peebles correctly applied the applicable Eighth Amendment law, and the absence of a written permit requirement does not impact that analysis. Similarly, Magistrate Judge Peebles correctly applied the law concerning qualified immunity, and there is no merit to Plaintiff's argument that Defendants lost qualified immunity by enforcing a rule that is not documented in writing. (*Id*. at 4). Defendants are entitled to qualified immunity because it was objectively reasonable for them to believe that their actions were lawful. *See Higazy v. Templeton*, 505 F.3d 161, 169–70 (2d Cir. 2007).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Peebles' Report and Recommendation (Dkt. No. 60) is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 50) is **GRANTED** and Plaintiff's remaining claims are **DISMISSED** in all respects; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 22, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

4